Joseph Liff, J.
The plaintiff is the assignee of a certain lease agreement made between u-vend, inc. as lessor and the defendant jolly gene distributor inc. as lessee. The individual defendant is the guarantor of the performance of the agreement made by the corporate defendant as lessee. The plaintiff sues to recover the balance of payments and attorney’s fees due pursuant to the provisions of the lease agreement.
The lease agreement contained a provision which in substance provided that in the event of the assignment of the lease by the lessor that then any claim, offset, or defense which the lessee might have had as against the lessor, would not be asserted against the lessor’s assignee.
Soon after having received the machines which were the subject of the lease agreement, the corporate defendant began to make a series of complaints to the lessor concerning the operaation of the machines. From all the evidence, the court concludes that the lessor had not performed the terms and conditions of the lease agreement on its part to be performed. Query: Is this defense available to the defendants as against the plaintiff herein?
*822 Approximately one month after the date of the execution of the lease agreement, the plaintiff wrote advising the corporate defendant of the assignment to plaintiff of the lease agreement and requesting that further payments he made to it. This letter was not a compliance with section 403 (subd. 3, par. [a]) of the Personal Property Law and for that reason, the defenses which might have been available as against the lessor, continue to be available against its assignee, the plaintiff. (Cf. D. P. C. Corp. v. Jobson, 15 A D 2d 861.) For the foregoing reasons the complaint is dismissed.
(Motion for an order to set aside the court’s decision, pursuant to CPLR 4404, subd. [b].)
The “Retail Instalment Sales Act (Personal Property Law, art. 10) is only one of the statutes enacted by the Legislature of this State for the purpose of protecting those who bought on the installment sales plan (see Message of the Governor dated April 17, 1957, Public Papers of Governor Averell Harriman, 1957, p. 466). It is a remedial statute and should be construed to afford protection to the greatest number of buyers on the installment plan.
The business of the defendant Jolly Gene Distributor Inc. was the distribution and sale of ice cream to street vendors. The two machines which it purchased from the plaintiff’s assignor were designed to dispense hot drinks and pastry for the convenience of vendors on the defendant’s premises. This was not the business of the defendant corporation.
In the opinion of the court, the machines which were the subject of this action were not sold for “ a commercial or business use or for purpose of resale ” within the meaning of the statute, so that they would have been excluded from its operation.
This motion is denied.